FILED ___ ENTERED
LODGED ___ RECEIVED

JUL 10 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

The Honorable Dean Brett

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAY MICHAUD,<br><br>Defendant. | NO. MJ15-5113<br><br>COMPLAINT FOR VIOLATION<br><br>18 U.S.C. § 2252(a)(4) |

BEFORE the Honorable Dean Brett, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

## COUNT 1
### (Possession of Child Pornography)

Beginning at a time unknown and continuing until July 10, 2015, at Vancouver, within the Western District of Washington, and elsewhere, JAY MICHAUD did knowingly possess matter that contained visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by

computer, and the images of child pornography involved include images of a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United State Code, Section 2252(a)(4) and 2252(b)(2).

And the complainant states that this Complaint is based on the following information:

I, Samuel A. Mautz, having been duly sworn, state as follows:

## I. INTRODUCTION

1. I have been employed as a Special Agent of the FBI since 2011, and am currently assigned to the Vancouver, Washington Resident Agency of the Seattle, Washington Division. Previously I was assigned to the Pierre, South Dakota Resident Agency of the Minneapolis, Minnesota Division. While employed by the FBI, I have investigated federal criminal violations related to high technology or cyber crime, child exploitation, and child pornography. I have gained experience through training at the FBI Academy in Quantico, VA as well as training to be a Digital Extraction Technician for the FBI and everyday work relating to conducting these types of investigations. While assigned to the Pierre, South Dakota Resident Agency, I conducted investigations in conjunction with the South Dakota Internet Crimes Against Children Task Force. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request a search warrant.

2. The facts set forth in this Complaint are based on the following: my own personal knowledge; knowledge obtained from other individuals during my participation

in this investigation, including other law enforcement officers; interviews of witnesses; my review of records related to this investigation; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## II. SUMMMARY OF INVESTIGATION

3.   "Website A" operated on a network ("the Network") available to Internet users who are aware of its existence. The Network is designed specifically to facilitate anonymous communication over the Internet. In order to access the Network, a user must install computer software that is publicly available, either by downloading software to the user's existing web browser, downloading free software available from the Network's administrators, or downloading a publicly-available third-party application. Using the Network prevents someone attempting to monitor an Internet connection from learning what sites a user visits and prevents the sites the user visits from learning the user's physical location. Because of the way the Network routes communication through other computers, traditional IP identification techniques are not viable.

4.   Websites that are accessible only to users within the Network can be set up within the Network and "Website A" was one such website. Accordingly, "Website A" could not generally be accessed through the traditional Internet. Only a user who had installed the appropriate software on the user's computer could access "Website A." Even after connecting to the Network, however, a user had to know the exact web address of "Website A" in order to access it. Websites on the Network are not indexed in the same way as websites on the traditional Internet. Accordingly, unlike on the traditional Internet, a user could not simply perform a Google search for the name of "Website A," obtain the web address for "Website A," and click on a link to navigate to "Website A." Rather, a user had to have obtained the web address for "Website A"

1  directly from another source, such as other users of "Website A," or from online postings
2  describing both the sort of content available on "Website A" and its location.  Accessing
3  "Website A" therefore required numerous affirmative steps by the user, making it
4  extremely unlikely that any user could have simply stumbled upon "Website A" without
5  first understanding its content and knowing that its primary purpose was to advertise and
6  distribute child pornography.
7         5.      The Network's software protects users' privacy online by bouncing their
8  communications around a distributed network of relay computers run by volunteers all
9  around the world, thereby masking the user's actual IP address which could otherwise be
10 used to identify a user.
11        6.      The Network also makes it possible for users to hide their locations while
12 offering various kinds of services, such as web publishing, forum/website hosting, or an
13 instant messaging server.  Within the Network itself, entire websites can be set up which
14 operate the same as regular public websites with one critical exception - the IP address
15 for the web server is hidden and instead is replaced with a Network-based web address.
16 A user can only reach such sites if the user is using the Network client and operating in
17 the Network.  Because neither a user nor law enforcement can identify the actual IP
18 address of the web server, it is not possible to determine through public lookups where
19 the computer that hosts the website is located.  Accordingly, it is not possible to obtain
20 data detailing the activities of the users from the website server through public lookups.
21        7.      According to data obtained from logs on "Website A," a user with the user
22 name Pewter engaged in the following activity on "Website A."  The profile page of user
23 Pewter indicated this user originally registered an account on "Website A" on October
24 31, 2014.  Profile information on "Website A" may include contact information and other
25 information that is supplied by the user.  It also contains information about that user's
26 participation on the site, including statistical information about the user's posts to the site
27 and a categorization of those posts.  According to the user Pewter's profile, this user was
28

a "Newbie Member" of "Website A." Further, according to the Statistics section of this user's profile, the user Pewter had been actively logged into the website for a total of 99 hours between the dates of October 31, 2014, and March 2, 2015. Pewter viewed 187 different threads on "Website A" including threads with the titles, "10yo teen with anal front with his father", "2012, Lolita Cat Goddess 4, alicia 10 yo little girl loves adult sex (cum in mouth)", "7yo APRIL hj bj finger pencil in ass vib cum" and "Lauri ~8yo 3 videos, tasting cum". Most of the threads viewed by Pewter included links to view files and comments regarding child pornography. Pewter was observed accessing "Website A" on seven of the ten days during the period of February 21, 2015 through March 2, 2015.

8. According to data obtained from logs on "Website A," on February 28, 2015, the user Pewter engaged in the following activity on "Website A" which further law enforcement investigation determined was from IP address 73.164.163.63. During the session described below, this user browsed "Website A" after logging into "Website A" with a username and a password.

9. On February 28, 2015, the user Pewter accessed the post entitled "Girl 12ish eats other girls/dirty talk" in the section "Pre-teen Videos >> Girls HC". Among other things, this post contained a download link to a .html file with the password provided to conduct the download.

10. During the following additional sessions, the user Pewter also browsed "Website A" after logging into "Website A" with a username and password. During these sessions, the user's IP address information was not collected.

11. On March 2, 2015, the user Pewter accessed a post that contained a link to an image that depicted a prepubescent female being anally penetrated by the erect penis of an adult male. On March 2, 2015, the user Pewter accessed a post that contained a link to the same aforementioned image, which depicted a prepubescent female being anally penetrated by the erect penis of an adult male.

12. I have reviewed the images that were accessed by Pewter on March 2, 2015. The images depict a prepubescent female's nude crotch. The female's legs are spread apart and her vagina is exposed. An adult male's erect penis is penetrating the female's anus.

13. Using publicly available websites, FBI Special Agents were able to determine that the IP Address associated with this activity was operated by the Internet Service Provider ("ISP") Comcast. In March 2015, an administrative subpoena/summons was served to Comcast requesting information related to the user who was assigned to the above IP address. According to the information received from Comcast, JAY MICHAUD was receiving Internet service at 2201 NE 112th Ave., Unit D39, Vancouver, WA 98684, with the same address being listed as the billing address. Internet service was initiated at the aforementioned premises on October 1, 2014 and was current as of March 9, 2015. The information received from Comcast also listed account number 877810104138548 and telephone number 360-977-8555.

14. A search of the LexisNexis Accurint information database (a public records database that provides names, dates of birth, addresses, associates, telephone numbers, email addresses, etc.) and other public databases was conducted for JAY MICHAUD, 2201 NE 112th Ave., Apartment D39, Vancouver, WA 98684. These public records indicated that Jay Michaud's current address is 5264 121st Ave. NE, Apartment 150, Vancouver, WA 98682. The reported date of that address for Michaud was May 8, 2015. These public records also indicated that a previous address for Jay Michaud was 2201 NE 112th Ave., Apartment D39, Vancouver, WA 98684. The latest report date for that address was March 11, 2015.

15. Another search of the LexisNexis Accurint information database was done for 5264 121st Ave. NE, Apartment 150, Vancouver, WA and 2201 NE 112th Ave., Apartment D39, Vancouver, WA. That search indicated that during the times that those

addresses were occupied by JAY MICHAUD, there were no other listed occupants at those addresses.

16. In June of 2015, another administrative subpoena was served to Comcast requesting information related to the account of Jay Michaud with account number 8778101014138548. According to the information received from Comcast, that account had been disconnected as of May 8, 2015. The information received from Comcast indicated that account number 8778101014138548 associated with JAY MICHAUD had been transferred to a new account with subscriber name Jay Michaud with subscriber address 5264 NE 121st Ave., Apartment 150, Vancouver, WA 98682.

17. In June of 2015, a third administrative subpoena was served to Comcast requesting information related to the account of Jay Michaud at 5264 NE 121st Ave., Apartment 150, Vancouver, WA 98682. According to the information received from Comcast, JAY MICHAUD was receiving Internet service at 5264 NE 121st Ave., Apartment 150, Vancouver, WA 98682. Internet service was initiated at the aforementioned premises on May 8, 2015, and was current as of June 23, 2015. The information received from Comcast also listed telephone number 360-977-8555.

18. I have reviewed Washington State Employment records showing that from the 4th Quarter of 2013 through the 1st Quarter of 2015, JAY MICHAUD was employed with the Vancouver School District 37.

19. On July 9, 2015, I obtained a federal search warrant for the residence located at 5264 NE 121st Ave, Apartment 150, Vancouver, WA. That search warrant was executed by federal agents on July 10, 2015. During the execution of that search a thumb drive was located in the USB port of a TV located in the residence. The thumb drive is a SanDisk Ultra USB 3.0 32 Gigabyte thumb drive. The thumb drive is labeled as being made in China.

20. The thumb drive was reviewed by forensic examiner Eric Thomas of the Vancouver Police Department Digital Evidence and Crimes Unit (DECU). During his

review Thomas was able to locate and identify multiple images that are child pornography.

21. I have reviewed three of the images that were previously identified by DECU Forensic Examiner Eric Thomas. All three of the images were located in a folder located on the thumb drive with the folder title "Downloads/Nude". The images I reviewed are described as follows:

> The first image depicts a female child's anus and vagina. The child appears to be an infant based on her relative size and lack of body or pubic hair. There is an adult hand on the infant's right buttock and there is an adult erect penis penetrating the infant's anus.

> The second image appears to have been made using night vision and depicts a nude male child lying on his back. The child appears to be of infant or toddler age based on his relative size, lack of body hair and undeveloped penis. There is an adult penis penetrating the child's anus.

> The third image depicts a female child lying flat on her back. The child appears to be prepubescent based on her relative size and total lack of body or pubic hair. The child is not wearing pants and her shirt is pulled up to her chest, covering her breasts. There is an adult penis penetrating the child's vagina.

## CONCLUSION

22. Based on the above facts, I respectfully submit that there is probable cause to believe that JAY MICHAUD did knowingly and unlawfully

///

///

///

1  possess child pornography, in violation of Title 18, United States Code, Sections
2  2252(a)(4) and (b)(2).

*[signature]*

Samuel A. Mautz, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 10 day of July, 2015.

*[signature]*

DEAN BRETT
United States Magistrate Judge