JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR15-5351RJB |
| Plaintiff, | ) ) | THIRD MOTION AND MEMORANDUM OF LAW IN |
| v. | ) ) | SUPPORT OF MOTION TO COMPEL DISCOVERY **[FILED UNDER SEAL]** |
| JAY MICHAUD, | ) ) | *[Evidentiary Hearing Requested]* |
| Defendant. | ) ) | **Noted: January 22, 2016** |

### I. MOTION

Jay Michaud, by his attorneys Colin Fieman and Linda Sullivan, respectfully moves the Court pursuant to Fed. R. Crim. P. 16(d) for an Order compelling discovery relevant to the defense's pending Motions to Suppress, *Franks* Motion, and Mr. Michaud's defense at trial.  This motion is supported by the following memorandum of law and attached exhibits, as well as the accompanying certification of defense counsel in compliance with Local Rule CrR 16(i).

For the reasons discussed below, the defense further requests that the Court schedule an expedited hearing on this motion.

### II.  FACTS AND ARGUMENT

On September 9, 2015, the defense asked the Government to provide a copy of the programming code for the "Network Investigative Technique" (NIT) that was

THIRD MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1 deployed on a computer that Mr. Michaud allegedly possessed. The Government
2 declined to produce the code.
3     On November 20, 2015, the defense filed its First Motion to Compel Discovery.
4 (Dkt. 54). As set forth in that motion, the defense was seeking, *inter alia*, a complete
5 copy of the code so that a forensic expert can independently determine the full extent of
6 the information the Government seized from Mr. Michaud's computer when it deployed
7 the NIT; whether the NIT interfered with or compromised any data or computer
8 functions; and whether the Government's representations about how the NIT works in
9 its warrant applications were complete and accurate. (Dkt. 54).
10     In addition, as explained in the attached declaration of Vlad Tsyrkevich, the
11 complete NIT code is necessary to establish the electronic "chain of custody" for the
12 data that allegedly links a computer purportedly used by Mr. Michaud to activities on
13 "Website A." *See* exh. A, attached hereto.
14     The Court scheduled a hearing on the first discovery motion for December 14,
15 2015.
16     On December 4, 2015, the Government filed a brief in opposition of discovery.
17 (Dkt. 74). In that brief, the Government argued that the code was subject to a "qualified
18 law enforcement privilege" and that its disclosure would compromise pending
19 investigations and be "harmful to the public interest." *Id.* at 15.
20     On December 10, 2015, the Government notified the defense that it was
21 withdrawing its objection to disclosing the NIT code. This agreement was
22 memorialized on the record at the December 14 hearing. *See* Exh. B (December 14,
23 2015, Hearing Transcript) at 2. Further, the Government stated that it would seek to
24 complete discovery by "the first week of January." *Id*. at 36.

THIRD MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

On January 5, 2016, the Government filed a Stipulated Motion for Entry of Discovery Protective Order (Dkt. 96).  The motion set forth the additional security measures the parties had agreed to for ensuring that the NIT data remained secure and confidential. The Court issued its NIT data protective order the same day. (Dkt. 102).[1]

On January 11, 2016, the defense's code expert, Vlad Tsyrkevich received a password protected disc from the FBI ostensibly containing the NIT data that the defense had requested.

Mr. Tsyrklevich made a preliminary assessment of the data on January 12 and then notified defense counsel that the data was incomplete.  The same day, defense counsel emailed the Government and identified the missing information.  The Government has declined to provide the missing NIT data, and this motion now follows.

### III.  ARGUMENT

As set forth in Mr. Michaud's November 20, 2015, Motion to Compel Discovery (Dkt. 54), a complete and accurate copy of the NIT code is relevant to the pending suppression motions, the motion to dismiss the indictment and, now, the motion

---

[1] The Government had originally wanted the defense to conduct its code analysis at an FBI facility.  Defense counsel informed the Government that, according to one of the experts that the defense was considering retaining, this arrangement would be problematic because of the amount of time needed for analysis and the need to keep defense work product confidential. The Government then agreed to provide the data on a disc, with such security precautions as hand-to-hand delivery and return of the disc and password protections. It is important to note that the Government has never indicated that discovery of the NIT code was contingent on it being analyzed at a government facility.  Nor did the Government ever inform the defense that it would be receiving less than the complete code after having reached an agreement about the appropriate security measures.

The defense has since retained a different expert, Vlad Tsyrklevich, in part because he has previously worked as a contractor for law enforcement and intelligence agencies and has had "top secret" clearance that would further assure the Government that the data would be handled properly.  Mr. Tysrklevich is willing to analyze the missing code components at a government facility in New York City (where he is located) if necessary.

THIRD MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *See United States v. Cedano-Arellano*, 332 F.3d 568 (9th Cir. 2003) (district court erred in denying a defendant's motion for discovery under Rule 16 of material relating to the reliability of a drug-sniffing dog, for purposes of a motion to suppress); *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000) (requiring disclosure on due process grounds of a report relevant to issues in a suppression motion); *see also* W.D. Wa. Local Rule CrR 16 ("It is the intent of the court to encourage complete and open discovery consistent with applicable statutes, case law, and rules of the court at the earliest practicable time").

Further, defense analysis of the code is not only relevant to Mr. Michaud's defense at trial, but necessary to verifying the "chain of custody" for the data that the Government alleges links a computer attributed to Mr. Michaud to activities on "Website A." *See* exh. A (Tsyrkevich Declaration) at ¶ 6; *see also*, *e.g.*, *United States v. McDuffie*, 454 F. App'x 624, 626 (9th Cir. 2011) (affirming grant of new trial based on Government's late disclosure of evidence that detective's fingerprint was on drug scale; court noted that the late disclosure prevented, *inter alia*, defendant from conducting "any pre-trial discovery into the scale's chain of custody"); *United States v. Brewster*, 2009 WL 804709, at *4 (D. Idaho Mar. 27, 2009) (concluding that, because Government has stated it has "abide[d] by its duties under Rule 16 . . . any relevant records to chain of custody would have been provided to Defendant"); *United States v. W.R. Grace*, 233 F.R.D. 586, 590 (D. Mont. 2005) (ordering, pursuant to Rule 16(a)(1)(E)(i) [items material to the defense] "All documents relating to the chain of custody for" [asbestos samples]).

The Government's failure to provide complete NIT code to the defense is a matter of some urgency. The Court has scheduled a hearing on the pending suppression

THIRD MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1  and *Franks* motions for January 22, the deadline for all pre-trial motions is January 28,
2  and Mr. Michaud's February trial date is rapidly approaching. Accordingly, the defense
3  requests that the Court set an expedited schedule for responsive briefing by the
4  Government and also schedule a hearing on this motion for Tuesday, January 19, 2016,
5  if the Court's docket allows.

## IV. CONCLUSION

For the reasons stated above, Mr. Michaud respectfully requests that the Court issue an Order for disclosure by the Government of the complete NIT code data, as well as any related records or information that are needed for the defense's analysis of that data.

DATED this 14th day of January, 2016.

Respectfully submitted,

s/ *Colin Fieman*
s/ *Linda Sullivan*
Attorneys for Jay Michaud

THIRD MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

1. I hereby certify that on the date shown below I e-filed with the Clerk of the Court the foregoing Third Motion to Compel Discovery and Memorandum in Support of Motion **[FILED UNDER SEAL]**, Proposed Order, and Certification of Defense Counsel in Support of Third Motion to Compel Discovery. I used the CM/ECF system, which will send notification of this filing to Special Assistant United States Attorney.

2. I further certify that I delivered a copy of the above sealed documents to the registered parties via email.

DATED this 14th day of January, 2016.

s/ Amy Strickling, Paralegal to
Colin Fieman
Assistant Federal Public Defender

THIRD MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL DISCOVERY
(*United States v. Michaud*, CR15-5351RJB) - 6

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710