Judge Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR15-5351RJB |
| Plaintiff, | |
| v. | GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND PROPOSED SCHEDULE |
| JAY MICHAUD, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, Matthew P. Hampton, Assistant United States Attorney for said District, and Keith A. Becker, Trial Attorney, files this response to Defendant's request for an expedited hearing on Defendant's motion to compel discovery filed January 14, 2016 (Dkt. 115). As detailed below, the government cannot respond to this motion and prepare for a hearing on that motion on Tuesday, January 19, as requested. Moreover, now that there is a discovery dispute (that the government had believed was resolved until receiving a request for additional discovery two days ago) pertaining to information Michaud contends to be pertinent to the resolution of the pending motions to suppress and dismiss, the government respectfully requests that the Court continue the evidentiary hearing on Michaud's motions to suppress and dismiss set

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

for January 22, 2016, and instead hold a hearing that day on Michaud's motion to compel.

**A.   An expedited hearing on Michaud's motion would prejudice the government by denying adequate time to respond to his motion and prepare to be heard by the Court.**

Although a more detailed account will be provided in the government's response to Michaud's motion, some background on the instant discovery dispute is necessary. Among the items that were the subject of Michaud's first motion to compel was his request for the "programming code" for the "Network Investigative Technique" (the NIT). *See* Defendant's Motion and Memorandum of Law in Support of Motion to Compel Discovery (Dkt. 54) at 1-2. Although the government opposed this request in its response to the motion (Dkt. 74), in a letter dated December 9, 2015 the government offered, without conceding it was under any obligation to do so, "to make available for review, at an FBI facility, the instructions sent to [Michaud]'s computer and executed that produced the NIT results." During a follow-up conversation, the government requested confirmation from defense counsel that this offer would obviate the need for that issue to be taken up at the December 14, 2015 hearing. Defense counsel agreed and the substance of the matter was not discussed at the December 14, 2015 hearing.[1]

Defense counsel subsequently informed the government that review at an FBI facility would not be feasible for the defense expert and requested that the government modify its proposal to permit the defense expert to retain a copy of the material referenced in the government's December 9 letter. After further discussion and an agreement regarding an appropriate protective order, the government agreed to modify the terms of the arrangement as requested. A disc containing the computer instructions referenced in the government's letter was provided to the defense expert pursuant to a protective order on January 11, 2016. The following day, defense counsel contacted the government and made requests for additional information pertaining to the government's

---

[1] The Court's December 14, 2015, order did not reference the pertinent computer instructions. Dkt. 81.

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

use and deployment of the NIT that are the subject of the new motion to compel. In response, the government requested an explanation of the basis for the defense request, but the defense declined to do so.

The defense is now requesting an expedited hearing on a matter that appeared to have been resolved. Not only is the requested information immaterial, but it is highly sensitive and its disclosure is also protected by a qualified law enforcement privilege. The government needs time to review Michaud's requests and the just-filed assertions of his expert in order to prepare an appropriate response to his claims of necessity and identify the appropriate personnel (with the necessary technical background) to articulate for the Court why the law enforcement privilege should bar the disclosure. Indeed, as noted in its earlier filings, a full hearing of the government's justification for not providing this information is likely to entail a request to present evidence *in camera* and *ex parte*. *See* Dkt. 74. The government will be unable to provide a meaningful response to Michaud's motion and be heard if the Court grants Michaud's request for an expedited hearing. However, the government recognizes the need to keep this case moving and is not requesting anything beyond the normal time to respond to Michaud's motion as provided under the local rules, meaning the government will respond to the motion by Thursday, January 21.

**B.      The Court should continue the evidentiary hearing on Michaud's suppression and dismissal motions set for January 22, 2016, and instead hold a hearing on the motion to compel on that date.**

Given Michaud's motion to compel, it now appears that the parties are at odds over a significant discovery issue that, according to Michaud, will bear on the suppression and dismissal motions that are currently before the Court. In his motion, Michaud takes the position that the information he is requesting is relevant to the pending suppression and dismissal motions, as well as evidence to be presented at trial. While the government disagrees with these assertions, given the defendant's position, resolution of

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 this discovery dispute before hearings on the suppression and dismissal issues would be
2 advisable.
3      Indeed, Michaud's motion now places the government in the position of preparing
4 for a significant and complex evidentiary hearing while also marshaling the evidence and
5 expertise to fully and effectively respond to a newly raised discovery dispute.  And
6 Michaud proposes that the government do this on an expedited basis.  To that end, upon
7 receiving Michaud's motion and request for an expedited hearing, the government
8 contacted defense counsel to suggest, among other things, a revision of the current
9 schedule that would allow for a more orderly resolution of the issues and a more efficient
10 allocation of the parties' (and the Court's) resources.  The government proposed, as it
11 does here, converting the scheduled hearing on Michaud's suppression and dismissal
12 motions into a hearing on the motion to compel and then settling on a schedule for
13 hearing on the suppression and dismissal motions once the parties and the Court have
14 clarity on the status of the discovery issues.
15      Defense counsel rejected the government's proposal and indicated he preferred to
16 go forward with the hearing regardless of whether the discovery dispute was resolved
17 before January 22.  He also stated that if the discovery dispute were not resolved before
18 January 22, he may request to file additional motions after those issues are resolved.
19 //
20 //
21 //

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

While the government has no interest in unnecessary delay, it does have an interest in using its resources and the court's resources efficiently.  Given that this discovery dispute may have bearing on substantial and complex pre-trial litigation, it seems imprudent to go forward with hearings on the motions to suppress and dismiss until the discovery dispute has been resolved.  To press ahead only to have to potentially revisit these issues once the parties are able to fully resolve the outstanding discovery dispute would be an inefficient use of the parties' and the Court's time.

DATED this 15th day of January, 2016.

Respectfully submitted,

| | |
|---|---|
| ANNETTE L. HAYES<br>United States Attorney | STEVEN J. GROCKI<br>Chief |
| */s/ Matthew P. Hampton*<br>Matthew P. Hampton<br>Assistant United States Attorney<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98102<br>Telephone: (206) 553-7970<br>Fax:          (206) 553-2502<br>E-mail:     matthew.hampton@usdoj.gov | */s/ Keith A. Becker*<br>Trial Attorney<br>Child Exploitation and Obscenity Section<br>1400 New York Ave., NW, Sixth Floor<br>Washington, DC 20530<br>Phone: (202) 305-4104<br>Fax: (202) 514-1793<br>E-mail: keith.becker@usdoj.gov |

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Emily Miller*
EMILY MILLER
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2267
FAX:   (206) 553-0755
E-mail: emily.miller@usdoj.gov

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800