Judge Robert J.  Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR15-5351RJB |
| Plaintiff, | |
| v. | GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND PROPOSED SCHEDULE |
| JAY MICHAUD, | |
| Defendant. | |

The United States of America, by and through Annette L.  Hayes, United States
Attorney for the Western District of Washington, Matthew P. Hampton, Assistant United
States Attorney for said District, and Keith A. Becker, Trial Attorney, files this response
to Defendant's request for an expedited hearing on Defendant's motion to compel
discovery filed January 14, 2016 (Dkt. 115).  As detailed below, the government cannot
respond to this motion and prepare for a hearing on that motion on Tuesday, January 19,
as requested.  Moreover, now that there is a discovery dispute (that the government had
believed was resolved until receiving a request for additional discovery two days ago)
pertaining to information Michaud contends to be pertinent to the resolution of the
pending motions to suppress and dismiss, the government respectfully requests that the
Court continue the evidentiary hearing on Michaud's motions to suppress and dismiss set

1   for January 22, 2016, and instead hold a hearing that day on Michaud's motion to

2   compel.

3         **A.     An expedited hearing on Michaud's motion would prejudice the**

4   **government by denying adequate time to respond to his motion and prepare to be heard by the Court.**

5         Although a more detailed account will be provided in the government's response

6   to Michaud's motion, some background on the instant discovery dispute is necessary.

7   Among the items that were the subject of Michaud's first motion to compel was his

8   request for the "programming code" for the "Network Investigative Technique" (the

9   NIT). *See* Defendant's Motion and Memorandum of Law in Support of Motion to

10  Compel Discovery (Dkt. 54) at 1-2. Although the government opposed this request in its

11  response to the motion (Dkt. 74), in a letter dated December 9, 2015 the government

12  offered, without conceding it was under any obligation to do so, "to make available for

13  review, at an FBI facility, the instructions sent to [Michaud]'s computer and executed

14  that produced the NIT results." During a follow-up conversation, the government

15  requested confirmation from defense counsel that this offer would obviate the need for

16  that issue to be taken up at the December 14, 2015 hearing. Defense counsel agreed and

17  the substance of the matter was not discussed at the December 14, 2015 hearing.[1]

18        Defense counsel subsequently informed the government that review at an FBI

19  facility would not be feasible for the defense expert and requested that the government

20  modify its proposal to permit the defense expert to retain a copy of the material

21  referenced in the government's December 9 letter. After further discussion and an

22  agreement regarding an appropriate protective order, the government agreed to modify

23  the terms of the arrangement as requested. A disc containing the computer instructions

24  referenced in the government's letter was provided to the defense expert pursuant to a

25  protective order on January 11, 2016. The following day, defense counsel contacted the

26  government and made requests for additional information pertaining to the government's

---

[1] The Court's December 14, 2015, order did not reference the pertinent computer instructions. Dkt. 81.

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  use and deployment of the NIT that are the subject of the new motion to compel. In

2  response, the government requested an explanation of the basis for the defense request,

3  but the defense declined to do so.

4        The defense is now requesting an expedited hearing on a matter that appeared to

5  have been resolved. Not only is the requested information immaterial, but it is highly

6  sensitive and its disclosure is also protected by a qualified law enforcement privilege.

7  The government needs time to review Michaud's requests and the just-filed assertions of

8  his expert in order to prepare an appropriate response to his claims of necessity and

9  identify the appropriate personnel (with the necessary technical background) to articulate

10  for the Court why the law enforcement privilege should bar the disclosure. Indeed, as

11  noted in its earlier filings, a full hearing of the government's justification for not

12  providing this information is likely to entail a request to present evidence *in camera* and

13  *ex parte. See* Dkt. 74. The government will be unable to provide a meaningful response

14  to Michaud's motion and be heard if the Court grants Michaud's request for an expedited

15  hearing. However, the government recognizes the need to keep this case moving and is

16  not requesting anything beyond the normal time to respond to Michaud's motion as

17  provided under the local rules, meaning the government will respond to the motion by

18  Thursday, January 21.

19     **B.**    **The Court should continue the evidentiary hearing on Michaud's**

20  **suppression and dismissal motions set for January 22, 2016, and instead hold a**
   **hearing on the motion to compel on that date.**

21

22        Given Michaud's motion to compel, it now appears that the parties are at odds

23  over a significant discovery issue that, according to Michaud, will bear on the

24  suppression and dismissal motions that are currently before the Court. In his motion,

25  Michaud takes the position that the information he is requesting is relevant to the pending

26  suppression and dismissal motions, as well as evidence to be presented at trial. While the

27  government disagrees with these assertions, given the defendant's position, resolution of

28

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 3

1  this discovery dispute before hearings on the suppression and dismissal issues would be

2  advisable.

3        Indeed, Michaud's motion now places the government in the position of preparing

4  for a significant and complex evidentiary hearing while also marshaling the evidence and

5  expertise to fully and effectively respond to a newly raised discovery dispute.  And

6  Michaud proposes that the government do this on an expedited basis.  To that end, upon

7  receiving Michaud's motion and request for an expedited hearing, the government

8  contacted defense counsel to suggest, among other things, a revision of the current

9  schedule that would allow for a more orderly resolution of the issues and a more efficient

10 allocation of the parties' (and the Court's) resources.  The government proposed, as it

11 does here, converting the scheduled hearing on Michaud's suppression and dismissal

12 motions into a hearing on the motion to compel and then settling on a schedule for

13 hearing on the suppression and dismissal motions once the parties and the Court have

14 clarity on the status of the discovery issues.

15       Defense counsel rejected the government's proposal and indicated he preferred to

16 go forward with the hearing regardless of whether the discovery dispute was resolved

17 before January 22.  He also stated that if the discovery dispute were not resolved before

18 January 22, he may request to file additional motions after those issues are resolved.

19 //

20 //

21 //

22

23

24

25

26

27

28

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 4

1    While the government has no interest in unnecessary delay, it does have an interest

2 in using its resources and the court's resources efficiently.  Given that this discovery

3 dispute may have bearing on substantial and complex pre-trial litigation, it seems

4 imprudent to go forward with hearings on the motions to suppress and dismiss until the

5 discovery dispute has been resolved.  To press ahead only to have to potentially revisit

6 these issues once the parties are able to fully resolve the outstanding discovery dispute

7 would be an inefficient use of the parties' and the Court's time.

8

9    DATED this 15th day of January, 2016.

10                                          Respectfully submitted,

11

12 ANNETTE L.  HAYES                        STEVEN J.  GROCKI
   United States Attorney                   Chief

13

14 /s/ Matthew P. Hampton                   /s/ Keith A. Becker
15 Matthew P. Hampton                       Trial Attorney
   Assistant United States Attorney         Child Exploitation and Obscenity
16 700 Stewart Street, Suite 5220           Section
17 Seattle, Washington 98102                1400 New York Ave., NW, Sixth Floor
   Telephone: (206) 553-7970                Washington, DC 20530
18 Fax:        (206) 553-2502               Phone: (202) 305-4104
19 E-mail:     matthew.hampton@usdoj.gov    Fax: (202) 514-1793
                                            E-mail: keith.becker@usdoj.gov
20

21

22

23

24

25

26

27

28

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1
CERTIFICATE OF SERVICE

2
     I hereby certify that on January 15, 2016, I electronically filed the foregoing with

3
the Clerk of the Court using the CM/ECF system which will send notification of such

4
filing to the attorney(s) of record for the defendant(s).

5

6
                   *s/Emily Miller*

7
                   EMILY MILLER

8
                   Legal Assistant

                   United States Attorney's Office

9
                   700 Stewart Street, Suite 5220

                   Seattle, Washington 98101-1271

10
                   Phone: (206) 553-2267

                   FAX:   (206) 553-0755

11
                   E-mail: emily.miller@usdoj.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT RESPONSE TO REQUEST FOR EXPEDITED HEARING AND
PROPOSED SCHEDULING (*United States v. Michaud*, CR15-5351 RJB) - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800