JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR15-5351RJB |
| Plaintiff, | ) | |
| v. | ) | SUPPLEMENTAL AUTHORITY MEMORANDUM |
| JAY MICHAUD, | ) | |
| Defendant. | ) | |

Prior to the hearing before the Court on Friday, January 22, the Government submitted the Magistrate Judge's Report and Recommendation in *United States v. Epich*, No. 15-CR-163-PP-DEJ, Dkt. 53 (E.D. Wis., Jan. 21, 2016), as persuasive authority. The Court should give the recommendation in *Epich* little, if any, weight for the following reasons.

First, for reasons that are unclear, Epich did not raise the issue that was at heart of the proceedings on Friday, namely that the NIT warrant only authorized searches of "activating computers" located in the Eastern District of Virginia (EDVA), while his residence and computer were located elsewhere. As the Court is aware, this issue is entirely distinct from any Rule 41 issues. *United States v. Sedaghaty*, 728 F.3d 885, 913 (9th Cir. 2013) (Even where the affidavit was expressly incorporated into the affidavit – which it was not in Mr. Michaud's case – the court stated: "May a broad ranging probable cause affidavit serve to expand the express limitations imposed by a magistrate in issuing the warrant itself? We believe the answer is no. The affidavit as a whole cannot trump a limited warrant.").

SUPPLEMENTAL AUTHORITY
MEMORANDUM
(*United States v Michaud;* CR15-5351RJB) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Indeed, in a puzzling omission, the *Epich* report made no finding at all about the specific location of the search and seizure of data, and in this case the Government has repeatedly acknowledged that the search and seizure occurred on Mr. Michaud's Washington computer.

Second, the Wisconsin court declined to reach the "interesting and compelling" Rule 41 issues. Report at 22. It did so on the basis that under Seventh Circuit law suppression would not be warranted even if there were a Rule 41 violation. *Id.* at 23. The Ninth Circuit, however, has long required suppression when (among other grounds) a search would not have occurred "but for" a Rule 41 violation. *Compare* cases cited in the Report at 23 *with United States v. Martinez-Garcia,* 297 F.2d 1205, 1213 (9th Cir. 2005); *United States v. Weiland*, 420 F.3d 1062 (9th Cir. 2005). Thus, the Recommendation against suppression should carry no weight with this Court.

Third, while the report in *Epich* includes a summary of facts in support of probable cause, the Magistrate Judge was apparently unaware of the fact that the home page for "Website A" had changed prior to issuance of the warrant, and that the FBI knew of this change before it applied for the NIT warrant. *See* Report and Recommendation at 5; *compare* Govt.'s January 22 Hearing Exh. 8 with Defense Hearing Exhs. 5 and 16. Accordingly, Epich did not raise the probable cause and anticipatory warrant issues raised by Mr. Michaud, and the Wisconsin court did not consider them.

One final matter requires brief comment. During its closing argument on the issue of whether the warrant was limited to EDVA, Government counsel pointed to references in the NIT warrant attachment and application to "activating computers" as reason to expand the warrant's express limitation to property in EDVA. However, there is no indication in "Attachment A" that any of the activating computers, wherever located in EDVA, included computers everywhere else. Further, as noted above,

SUPPLEMENTAL AUTHORITY
MEMORANDUM
(*United States v Michaud;* CR15-5351RJB) - 2

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

interpretations or definitions drawn from a warrant application cannot modify or expand the language of the warrant itself.  *See also United States v. SDI Future Health, Inc.*, 568 F.3d 684, 699 (9th Cir. 2009) ("We consider an affidavit to be part of a warrant, and therefore potentially curative of any defects, 'only if (1) the warrant expressly incorporated the affidavit by reference and (2) the affidavit either is attached physically to the warrant or at least accompanies the warrant while agents execute the search'") (citation omitted).  Accordingly, taken at face value, Judge Buchanan made a determination that the warrant should be limited to activating computers in EDVA location identified in the warrant itself, and nothing in the application or attachments alters that fact.

Given these facts and law, the crux of the suppression issues is ultimately a simple one.  If the warrant can be construed as the Government claims, and authorized searches of "activating computers" anywhere in the world, then the warrant violates Rule 41.

If, on the other hand, the plain language of the warrant controls (as it must), then this Court should assume that Magistrate Judge Buchanan recognized the limits imposed by Rule 41 when she reviewed the warrant application and accordingly approved a warrant to search computers located anywhere in her district, but not elsewhere.  While the Government has now invited the Court to second-guess and override Judge Buchanan's determination that the NIT searches should be limited to activating computers in EDVA, it has provided no authority for the proposition that a reviewing court can expand the particularized geographical limitations that appear on the face of a search warrant.

DATED this 26th day of January, 2016.

Respectfully submitted,
s/ *Colin Fieman*
s/ *Linda Sullivan*
Attorneys for Jay Michaud

SUPPLEMENTAL AUTHORITY
MEMORANDUM
(*United States v Michaud;* CR15-5351RJB) - 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

# CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered with the CM/ECF system.

s/ *Carolynn Cohn*
Paralegal

SUPPLEMENTAL AUTHORITY
MEMORANDUM
(*United States v Michaud;* CR15-5351RJB) - 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**