The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAY MICHAUD,<br><br>Defendant. | NO. CR15-5351RJB<br><br>GOVERNMENT'S SURREPLY TO DEFENDANT'S THIRD MOTION TO COMPEL |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, Matthew P. Hampton, Assistant United States Attorney for said District, and Keith A. Becker, Trial Attorney, files this Surreply to Defendant Jay Michaud's Third Motion to Compel (Dkt. 115).

**A.    Michaud has declined discovery that would permit him to verify the accuracy of the data obtained by the NIT.[1]**

*First*, although the government continues to oppose Michaud's discovery demand, the government is working to identify additional information related to the NIT that might assist the defense in answering the questions it maintains only the requested information can answer. To that end, on February 5, 2016, the government offered,

---

[1] It bears noting that the defense describes the NIT as having four components. The government disagrees with that formulation and considers the NIT to be only those computer instructions sent to Michaud's computer that resulted in the data sent from Michaud's computer—instructions that have been provided to the defense.

*United States v. Michaud* CR15-5351RJB
Government's Surreply to Defendant's Third Motion to Compel - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  subject to a protective order, to provide a copy of the two-way network data stream sent
2  between Michaud's computer and the government-controlled computer as a result of the
3  execution of the NIT.  Using these data, Michaud can confirm that the NIT-obtained
4  information the government has already disclosed is in fact what was sent to the
5  government by the NIT.  Yet Michaud, through counsel, declined the government's offer
6  without explanation, instead reserving the right to request these data at a later time.

7  Thus, despite Michaud's claims that the requested information is necessary to
8  verify the accuracy of the NIT data, he has declined to review information that would
9  allow him to do just that.  The government has examined these data, however, and
10 confirmed that the information sent to the government from Michaud's computer is
11 exactly what the government disclosed in discovery was obtained by the NIT.  *See*
12 Declaration of Special Agent Daniel Alfin in Support of Government's Surreply to
13 Defendant's Third Motion to Compel (Alfin Decl.) ¶ 7.  The government, likewise,
14 confirmed that Michaud's speculation concerning the existence of duplicate unique
15 identifiers that might call into question the accuracy of the NIT information is unfounded.
16 The identifier assigned to the user "Pewter's" information was unique, as were the
17 respective identifiers assigned to each target of the NIT.  *Id.* ¶ 4.

**B.  The requested discovery has no bearing on Michaud's claim that someone or something else may be responsible for the huge collection of child pornography found on his devices.**

*Next*, Michaud raises in his reply an additional matter on which he claims the requested discovery has bearing.  Namely, Michaud claims that someone or something else might be responsible for the thousands of images of child pornography found on his devices.  Despite having access to the devices themselves, their contents, and the NIT computer instructions, however, Michaud fails to point to any evidence that the requested information will somehow support that claim.  Given the facts, this should come as little surprise though.

None of the devices on which child pornography was found (Michaud's two thumb-drives and his cellular phone) were the target of the NIT.  The requested discovery

*United States v. Michaud* CR15-5351RJB
Government's Surreply to Defendant's Third Motion to Compel - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

therefore has zero bearing on how thousands of images of child pornography managed to appear on those devices.  It certainly would not, for example, explain how or why one of the thumb-drives containing child pornography was plugged into Michaud's television at the time of the search or how a phone containing child pornography happened to be on his person on the day of his arrest.  If Michaud's theory had anything to it at all, he would surely point to something in the devices or their contents that lends support.  Yet he offers nothing beyond an apparent *hope* that the requested information will succeed where the evidence has failed.

      As important, the one device to which the NIT may have been deployed, Michaud's personal computer, is a device on which no child pornography has been found.  This is not surprising because someone, presumably Michaud, reset that computer and wiped the hard drive the night before the search warrant was executed.  Regardless, Michaud and his expert have access to this computer and a forensic image of its hard drive to analyze. And here too, Michaud offers nothing to support his theory that the requested information will somehow bolster his baseless claim that the NIT somehow opened the door for some nefarious entity to place thousands of images of child pornography on his devices.

      Even Michaud's own expert declaration does not support this theory of materiality.  Michaud claims that the NIT computer instructions "alter," "compromise," or "override" security features on a user's computer.  Reply at 2-3, 5-6.  But the words "alter" and "override" appear nowhere in the Tsyrklevich declaration.  Dkt. 115-1.  And "compromise" appears only in the context of what defense counsel told him:  "defense counsel has informed me that he is seeking to determine . . . whether [the NIT's] execution may have compromised any data or functions on the target computer." *Id*. at 3.  What he does say is that an "exploit," consists of software that "takes advantage of a software 'vulnerability' in the Tor Browser program" and that "the NIT is able to circumvent the security protections in the Tor Browser." Dkt. 115-1 at 2.  He goes on to explain he needs to examine the "exploit" component to understand "whether the payload

*United States v. Michaud* CR15-5351RJB
Government's Surreply to Defendant's Third Motion to Compel - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  data that has been provided in discovery was the only component executing and reporting
2  information to the government or whether the exploit executed additional functions
3  outside of the scope of the NIT warrant." Dkt. 115-1 at 3.  That payload data have been
4  provided in discovery, and the government has confirmed that they were the only
5  "payload" – as Michaud defines it – sent to Michaud's computer.  Alfin Decl. ¶ 5.
6  Nowhere in the Tsyrklevich declaration does it state that it is possible that any of the
7  alleged other components related to the NIT could have planted child pornography on
8  Michaud's computer or left the computer vulnerable to some other "virus" or "remote
9  user" capable of doing so.[2]
10 //
11 //
12 //

---

[2] The court also addressed the issue of whether the NIT provided further access to Michaud's computer during the January 22, 2016, suppression hearing – asking Special Agent Alfin whether there was "any way for the FBI to go back down this NIT to get into the subject computer, the user's computer?"  Jan. 22, 2016, Tr. p. 71.  SA Alfin answered, "[n]o, your Honor. After the NIT collected the limited amount of information that it was permitted to collect, there was nothing that resided on the subject's computer that would allow the government to go back and further access that computer." Id., p. 71-72.  The Court credited Special Agent Alfin's testimony.

*United States v. Michaud* CR15-5351RJB
Government's Surreply to Defendant's Third Motion to Compel - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 In short, Michaud has all the necessary tools to verify the NIT data and confirm that the NIT operated as the government has said it did. His justifications for the requested discovery rest on speculation, not fact, and he has made no showing that would support the requested discovery.

DATED this 16th day of February, 2016.

Respectfully submitted,

| | |
|---|---|
| ANNETTE L. HAYES<br>United States Attorney | STEVEN J. GROCKI<br>Chief |
| /s/ Matthew P. Hampton<br>Matthew P. Hampton<br>Assistant United States Attorney<br>1201 Pacific Avenue, Suite 700<br>Tacoma, Washington 98402<br>Telephone: (253) 428-3800<br>Fax:          (253) 428-3826<br>E-mail: matthew.hampton@usdoj.gov | /s/ Keith A. Becker<br>Trial Attorney<br>Child Exploitation and Obscenity Section<br>1400 New York Ave., NW, Sixth Floor<br>Washington, DC 20530<br>Phone: (202) 305-4104<br>Fax: (202) 514-1793<br>E-mail: keith.becker@usdoj.gov |

*United States v. Michaud* CR15-5351RJB
Government's Surreply to Defendant's Third Motion to Compel - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Emily Miller*
EMILY MILLER
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2267
FAX:   (206) 553-0755
E-mail: emily.miller@usdoj.gov

*United States v. Michaud* CR15-5351RJB
Government's Surreply to Defendant's Third Motion to Compel - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800