JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,        )   No.  CR15-5351RJB
                                 )
                Plaintiff,       )
                                 )   DEFENDANT'S REPLY TO
        v.                       )   GOVERNMENT'S MOTIONS TO
                                 )   STRIKE AND FOR A CONTINUANCE
JAY MICHAUD,                     )
                                 )
                Defendant.       )
_____)

## I.  ARGUMENT

In the section of its May 6, 2016, Consolidated Response that directly addresses Mr. Michaud's Motion to Dismiss Indictment, the Government states the following:

> According to Michaud, it is only with this discovery [ordered by the Court] that he can verify the accuracy of the data collected by the NIT and ensure that NIT did not exceed the scope of the authorizing warrant…. *The discovery he demands will do nothing to further that analysis*. Nor does Michaud's other stated reason for needing this discovery—to assess the viability of a defense premised on his having been the victim of a virus or malicious code—alter this analysis. The devices at issue are available to him if he wishes to investigate this theory. *His unsupported claim that he should instead be permitted additional discovery entirely unrelated to those devices does not warrant dismissal of the indictment in its entirety*.

Dkt. 188 at 15-16 (emphasis added); *see also id*. at 2 ("Michaud persists in his refusal to explain how the discovery he seeks has any bearing on the questions he says remain unanswered"); *id*. at 12 ("Michaud…offers no explanation how the discovery at issue would assist in testing the viability of pressing a defense theory that someone or

DEFENDANT'S REPLY TO GOVERNMENT
MOTIONS TO STRIKE & FOR CONTINUANCE
(*United States v Michaud;* CR15-5351RJB) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

something else is responsible" for the pictures found on his devices"); *id.* at 13 ("[T]he key point is Michaud's inability to explain how the discovery he seeks could shed any light" on the defense's theories).

Having demanded on May 6 that the defense respond in more detail to the claim that the dismissal motion is based on "unsupported claim[s]" and theories, the Government should not be heard to complain when it receives that response.

Nor should the Government be allowed to leverage the response that it has invited into yet more delay. All of the pleadings now pending before the Court arise from the FBI's refusal to comply with the Court's February 17 discovery order and the Government's motion to reconsider that order. The Court issued that order because it found that the defense *has already made* a sufficient showing that the discovery is relevant and helpful to pre-trial motions and potential defenses. *See, e.g*, Dkt. 149 (Mr. Michaud's February 8, 2016, Reply to Govt. Response to Third Motion to Compel) at 4-5 (explaining, *inter alia*, that the defense "will challenge the Government's case by arguing to the jury that child pornography found on the computer or other devices seized from Mr. Michaud's home came from somewhere or someone else, or at least that the Government cannot prove beyond a reasonable doubt that Mr. Michaud intentionally downloaded illegal pictures").

In fact, the defense has gone far beyond what is required to justify discovery, since "[a] defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). It is only because the Government continues to dispute the defense's earlier proffers, challenge the Court's February 17 order, and contest dismissal that the defense filed reply pleadings at all. As a result, all the defense's declarations do is supplement the record in support of the Court's earlier findings and try to shut down, once and for all, the Government's unrelenting assertions that "Michaud still cannot explain why the discovery he seeks will answer the questions he poses." Govt. May 6 Consolidated Response at 10.

DEFENDANT'S REPLY TO GOVERNMENT
MOTIONS TO STRIKE & FOR CONTINUANCE
(*United States v Michaud;* CR15-5351RJB) - 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Given the procedural posture of this case and the Court's prior findings, the Government is also ill-served by arguing that the defense declarations "concern highly technical matters and claims about how these apply to the evidence," and therefore the prosecution needs more time to consult with experts and prepare yet more pleadings. Dkt. 193 at 3. The fact that there are highly technical evidentiary issues in this case is one of the reasons the Court ordered the NIT discovery in the first place, and resolving those issues is what a jury trial is for.

At this juncture, the only issues are whether the Court's determination that the NIT discovery is relevant and helpful to the defense in preparing for trial was manifestly wrong, and whether the FBI's refusal to comply with the order necessitates dismissal. Accordingly, the Government should not be allowed to turn its motion for reconsideration into a bench trial on the ultimate merits of the potential defenses Mr. Michaud is seeking to pursue. *See also United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013) ("Even if the documents [requested under Rule 16] caused [defendant] to completely abandon [his] entrapment defense and take an entirely different path, the documents would still have been 'material to preparing the defense' under Rule 16(a)(1)(E)(i)."); *cf. United States v. Johnson*, 459 F.3d 990, 993 (9th Cir. 2006) (in determining whether a defendant is entitled to a jury instruction on a particular theory of defense, "we have . . . repeatedly stated that the defendant is entitled to his proposed instruction even if his evidence is weak, insufficient, inconsistent, or of doubtful credibility.").

The Government's complaint that Mr. Michaud's reply should have been filed as a surreply is also misguided. Mr. Michaud's Motion to Dismiss and the Government's Motion for Reconsideration are closely intertwined, since the defense is seeking dismissal based on the FBI's refusal to comply with the Court's discovery order. The declarations that have been submitted to the Court are responsive to arguments the

DEFENDANT'S REPLY TO GOVERNMENT
MOTIONS TO STRIKE & FOR CONTINUANCE
(*United States v Michaud;* CR15-5351RJB) - 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Government raised in its opposition to dismissal, and therefore were properly included in a defense reply memo.

Moreover, even if part of the Reply should have been captioned as a surreply, the Government has no cause for complaint.  The Government filed its own surreply to Mr. Michaud's Motion to Compel NIT discovery on February 16, just one day before the hearing at which the Court ordered production of that discovery.  *See* Dkt. 156. Included with that surreply was Agent Alfin's first declaration, which certainly could have been filed with the Government's prior pleadings opposing discovery.  *See* Dkt. 157.  The Court allowed the Government to file its surreply and defense counsel proceeded to address it and Agent Alfin's declaration at the hearing.  Dkt. 178, exh. A (February 17 hearing transcript) at 3-4.  The Government then waited until later in that hearing to submit yet another declaration.  Dkt. 160 (Declaration of Special Agent Stone); *see also* February 17 transcript at 14-15.  Accordingly, even if the Court concludes that Mr. Michaud's May 9 reply should be considered in part a surreply, the defense requests that the Court deny the Government's motion to strike and permit it to be filed as a surreply, consistent with the Court's prior practice in this case.[1]

## II. CONCLUSION

Mr. Michaud respectfully requests that the Court deny the Government's Motion to Strike and Motion for Continuance.

---

[1] The Government also has no cause for complaint about the defense's efforts to work cooperatively when it comes to scheduling and other procedural matters.  *See* Dkt. 193 at 2. As part of those efforts, defense counsel consulted with AUSA Matt Hampton on April 28 about how the parties intended to proceed with the evidentiary aspects of the May 12 hearing. Mr. Hampton asked if the defense objected to Agent Alfin's appearance by video or audio link to answer any questions from the Court, and the defense agreed to that procedure.  In turn, defense counsel notified Mr. Hampton that Mr. Michaud did not intend to call any witness, but that he reserved the right to submit additional declarations in response to the Government's pending May 5 pleading.  As a result, the Government was fully aware that Mr. Michaud might supplement the record with declarations shortly before the hearing, just as the Government did prior to the February 17 hearing.

DEFENDANT'S REPLY TO GOVERNMENT
MOTIONS TO STRIKE & FOR CONTINUANCE
(*United States v Michaud;* CR15-5351RJB) - 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

DATED this 11th Day of May, 2016.

Respectfully submitted,


s/ *Colin Fieman*
s/ *Linda Sullivan*
Attorneys for Jay Michaud

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on May 11, 2016, I electronically filed the foregoing with

3

the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to all parties registered with the CM/ECF system.

5

6

s/ *Amy Strickling*, Paralegal to
Colin Fieman

7

Assistant Federal Public Defender

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REPLY TO GOVERNMENT
MOTIONS TO STRIKE & FOR CONTINUANCE
(*United States v Michaud;* CR15-5351RJB) - 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**