UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>JAY MICHAUD,<br>　　　　　　　　Defendant. | CASE NO. 3:15-cr-05351RJB<br><br>ORDER ON PROCEDURAL HISTORY AND CASE STATUS IN ADVANCE OF MAY 25, 2016 HEARING |

　　　　Pending before the Court is Defendant's Second Motion to Dismiss. Dkts. 178, 179. The motion marks the culmination of extensive discovery motions practice that addressed the government's obligation to disclose the Network Investigative Technique ("N.I.T. code"), a new investigative technology that has presented novel Due Process challenges. The motion will ultimately be decided by resolving the issue of what sanction is appropriate, under circumstances where the government prosecutes a person for a crime but justifiably elects to not disclose discovery. The issue highlights the tension between legitimate government interests and the defendant's right to a fair trial.

　　　　Arriving at the issue reveals a protracted discovery battle between the parties. The defendant first moved to compel the N.I.T. code, among other discovery, in Defendant's Motion to Compel Discovery. Dkt. 54. At a hearing addressing the motion held on December 14, 2015,

counsel for Mr. Michaud stated that, "[a]s indicated in my responsive pleading, the government notified us on Thursday that they were in fact willing to turn over the N.I.T. code which we appreciate. . . [we] expect that that part of the discovery will proceed smoothly." Dkt. 126, at 2, 3. It appearing that the defendant had withdrawn his request to compel the N.I.T. code, the Court's Order addressing the motion did not address compelling its production. *See* Dkt. 81.

According to Defendant's Third Motion to Compel Discovery (Dkt. 115), the government reversed course, ultimately deciding not to disclose the full N.I.T. code, despite Mr. Michaud's willingness to abide by any required security measure, such as review by a defense expert with security clearance at a secure government location. *See also*, Dkt. 165, at 2. In that motion, the defendant requested "the complete N.I.T. code data, as well as any related records or information that are needed for the defense's analysis that data." Dkt. 115, at 5. After oral argument held on February 17, 2016, where the government argued that the N.I.T. code was not material to the defendant's defense (Dkt. 162, at 12, 13; s*ee* Dkt. 134), the Court orally ruled on Defendant's Third Motion to Compel Discovery, finding that the defendant satisfied his threshold burden to show that the N.I.T. code would be material to his defense. *See* Fed.R.Cr.P. 16(a)(1)(E)(i). The Court ruled in pertinent part as follows:

> THE COURT: Well, first I am satisfied that the defense has shown materiality here to preparing the defense. I don't need to discuss that in depth, in my view. I think the papers speak for themselves. And it may be a blind alley, but we won't know until the defense can look at the details of what was done.
> ….
> It is my opinion that the protective order in place is sufficient to protect this information, and it is my judgment that the motion should be granted
> …
> Now, you know, behind that ruling is this: The government hacked into a whole lot of computers on the strength of a very questionable search warrant. I ruled on the admissibility of that in what I considered to be a very narrow ruling.
> Much of the details of this information is lost on me, I am afraid, the technical parts of it, but it comes down to a simple thing. You say you caught me by the use of computer hacking, so how do you do it? How do you do it? A fair question. And the

      government should respond under seal and under the protective order, but the government should respond and say here's how we did it.

      So, you know, I guess what I am saying is that this whole thing didn't seem that complex to me . . . .

Dkt. 162 at pages 17-19. *See also* Dkt. 161, Order Granting Defendant's Third Motion to Compel Discovery.

      The Court found Mr. Vlad Tsyrklevich's declaration[1] to be significant to its finding of materiality. Dkt. 204, at 33. *See* Dkt. 115-1. The government argued in the alternative that, even if the N.I.T. code was material, the government should not be compelled to produce it. The government justified this argument based on sensitive information that it maintained could only be revealed in an *ex parte*, *in camera* hearing, a request the Court, at that time, denied.[2] Dkt. 162, at 18.

      The government asked the Court to reconsider its Order. Dkt.165. At a hearing on May 12, 2016, the Court reconsidered its Order and granted leave to the government for the requested Fed.R.Cr.P. 16(d)(1) *ex parte* and *in camera* submission of evidence. At the conclusion of the Fed.R.Cr.P. 16(d)(1) hearing, the Court ruled orally that the government had made a sufficient showing and was not required to disclose the entire N.I.T. code to the defendant, even with a Protective Order in place. Dkts. 199; 204, at 5. The Court modified its Order on Defendant's Motion to Compel accordingly. Dkt. 200.

---

[1] The transcript mistakenly identified the declarant as "Mr. Cirkovic." *See* Dkt. 204, at 33.

[2] In subsequent briefing the government has referred to its request for an *ex parte*, *in camera* (Dkt. 134, at 13) hearing as "withdrawn," a characterization that is not borne out by the record. Dkt. 162, at 18. Whether it was withdrawn or later reconsidered is ultimately inconsequential to the merits of Mr. Michaud's discovery motions.

At the May 12, 2016 hearing, the Court also affirmed its prior finding of materiality under F.R.Cr.P. 16(a)(1)(E)(i) and denied any further modification of the Order. Dkt. 200. *See* Dkt. 161. The Court ruled orally as follows:

> Well, this question of relevance or materiality or what should be turned over to the defense under the rules is what we are talking about here. I have not changed my opinion on that based on what has been presented here on this motion to reconsider.
>
> I was earlier, and still am, impressed by the material from Mr. [Tsyrklevich]. It seems to me, as I said before, that the defense has the right to know what tools you used to hack into his computer.
>
> I am impressed -- I don't think anything that the government has said has overcome that showing. The response to that is substantially that the defense hasn't proved what they don't know -- they haven't proved what they don't know, but what they want to know is what they don't know so they can determine what defenses are appropriate, or, I might say, under the Ninth Circuit cases, in particular the *Hernandez-Meza* case, which is 720 F.3d 760, they have a right to consider this information partly to determine whether it should lead to a plea, whether there are any defenses. And I think they have a right to that information.

Dkt. 204, at 33.

The government's oral arguments on February 17 and May 12, 2016 and its related briefing addressing materiality essentially amount to an *ipse dixit* argument, without convincing expert support, that 1) giving the defendant full access to the N.I.T. code will not turn up anything helpful to the defense, and 2) a showing of materiality demands facts, not hypotheses, and the defendant has done nothing more than fabricate guesses about what the N.I.T. code could show. These arguments bear little fruit. The defendant is not required to accept the government's assurances that reviewing the N.I.T. code will yield no helpful information. The government asserts that the N.I.T. code will not be helpful to the defense, but that information may well, in the hands of a defense lawyer with a fertile mind, be a treasure trove of exculpatory evidence. Furthermore, even if the defendant's review of the N.I.T. code ultimately only yields inculpatory evidence,"[e]ven inculpatory evidence may be relevant [because a] defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy.

ORDER ON PROCEDURAL HISTORY AND
CASE STATUS IN ADVANCE OF MAY 25, 2016
HEARING- 4

Or he can seek a plea agreement instead of going to trial." *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013). Depriving the defendant an opportunity to review the N.I.T. code denies the defendant the chance to determine if any line of defense is available – or if no line of defense is available—but in either case, the defendant has made a sufficient showing of materiality. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010)("defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show . . . information helpful to the defense").

The resolution of Defendant's Third Motion to Compel Discovery places this matter in an unusual position: the defendant has the right to review the full N.I.T. code, but the government does not have to produce it. Thus, we reach the question of sanctions: What should be done about it when, under these facts, the defense has a justifiable need for information in the hands of the government, but the government has a justifiable right not to turn the information over to the defense?

That issue will be addressed on consideration of Defendant's Second Defense Motion to Dismiss Indictment. Dkts. 178, 179. The Court will consider the defendant's attachments to his briefing, which it did not consider for purposes of the May 12, 2016 hearing, s*ee* Dkts. 191-2 and 191-3, as well as the parties' additional briefing and oral argument. Oral argument on the motion is set for May 25, 2016, at 9:30 a.m.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

/

/

Dated this 18th day of May, 2016.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge