The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAY MICHAUD,<br><br>  Defendant. | NO. CR15-5351RJB<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY APPEARANCE BOND |

The government, joined by U.S. Pretrial Services, opposes Defendant Jay Michaud's request for a modification of his appearance bond. Dkt. 214. Specifically, his request to substitute weekly telephonic meetings for active GPS monitoring is unwarranted and impractical. For the reasons that follow, his request should therefore be denied.

*First*, the defense incorrectly states the current status of Michaud's level of GPS monitoring. He is currently subject to active GPS monitoring with a curfew. *See* Dkt. 135. Indeed, a curfew is mandated under the Adam Walsh Act because Michaud is charged with a violation of 18 U.S.C. § 2252(a)(2). *See* 18 U.S.C. § 3142(c)(1)(B) (requiring those charged with 18 U.S.C. § 2252(a)(2) to be subject to a curfew under § 3142(b)(1)(B)(vii)). Thus, at a minimum, Michaud's bond must require that he comply with a curfew.

*United States v. Michaud* CR15-5351RJB
Government's Opposition to Defendant's Motion to Modify Appearance Bond - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Second*, and more important, Michaud's suggested alternative to GPS monitoring is impractical and will impede Pretrial's ability to efficiently and effectively monitor Michaud's compliance with his bond.  With location monitoring, Pretrial can easily ascertain whether Michaud is in compliance with his curfew and verify that he does not travel to any prohibited location—such as, for example, a school, a park, or other location where minors congregate.  And should Pretrial identify some issue based on its review of the GPS data, it can quickly address that matter with Michaud and/or defense counsel.  This is not just an abstract proposition:  on a daily basis, the location monitoring specialist reviews Michaud's location data to ensure he has not traveled to a prohibited location or violated his curfew.  A weekly telephone call would hardly prove an adequate substitute for real-time location data.  It would be no substitute at all.

*Third*, while an ankle bracelet might be an inconvenience for Michaud, Michaud makes no effort to explain why continued GPS monitoring is such an impediment to his day-to-day life.  If there are particular challenges posed by his current restrictions, it would seem a useful first step to raise those with Pretrial (and the Court if necessary) to see if some accommodation can be made.  Removal of the ankle bracelet will not, after all, free Michaud of his curfew or permit him to travel to locations where minors congregate.  Rather, it will only deprive Pretrial of any meaningful tool for verifying that he is complying with his bond.

*Finally*, Michaud's observation that district courts have broad discretion in fashioning release conditions, even where those conditions are mandated by the Adam Walsh Act, is correct but not particularly relevant.  *See* Dkt. 214, at p. 2 (citing *United States v. Kennedy*, 327 F. App'x 706 (9th Cir. 2010).  Whatever its meaning, "electronic monitoring" surely encompasses something beyond a weekly telephonic conference between a defendant and the Pretrial officer.  That § 3142 does not specify whether "electronic monitoring" be "continuous or limited to a particular locality," *id.* at 707, hardly supports the notion that it can be accomplished simply through a weekly teleconference in which the defendant reports his or her own efforts at self-monitoring.

*United States v. Michaud* CR15-5351RJB
Government's Opposition to Defendant's Motion to Modify Appearance Bond  - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    In short, Michaud asks this Court to modify his bond in a way that will render it all
2  but unenforceable in certain respects.  And he does so with little explanation why the
3  current conditions are so onerous as to justify such a radical action.  The government
4  agrees with Pretrial that the current location monitoring and curfew conditions should not
5  be altered and that Michaud's motion should be denied.
6    DATED this 1st day of July, 2016.

Respectfully submitted,
ANNETTE L. HAYES
United States Attorney

*/s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistants United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-7970
Fax:          (206) 553-0755
E-mail: matthew.hampton@usdoj.gov

*United States v. Michaud* CR15-5351RJB
Government's Opposition to Defendant's Motion to Modify Appearance Bond  - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant.

*s/Emily Miller*
EMILY MILLER
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2267
FAX:   (206) 553-0755
E-mail: emily.miller@usdoj.gov

*United States v. Michaud* CR15-5351RJB
Government's Opposition to Defendant's Motion to Modify Appearance Bond  - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970